# In re POMEROY.

## (No. 2,150.)

### (Submitted June 24, 1905. Decided July 24, 1905.)

*Escheats—Limitations—Statutory   Construction—Recovery   of
Escheated Property—Retroactive Effect of Statutes.*

Escheated Estates—Recovery—Limitations—Statutory Construction.
  1.   Under the provisions of Political Code, section 5162, the limitation of twenty years prescribed by the Code of Civil Procedure, section 2253, within which to file petition in the district court to determine one's heirship to escheated property, is exclusive, and the limitation periods prescribed for ordinary actions have no application to such a proceeding.

Escheated Estates—Recovery—Statutes.
  2.   Sections 1867-1869, inclusive, of the Civil Code, granting the right of succession to aliens and providing a mode by which non-resident aliens can be paid out of the treasury of the state, under certain limitations, after property of their ancestor has been converted and its proceeds turned over to the state treasurer, have no application to cases in which citizens of the United States appear as claimants.

Escheated Estates—Recovery—Statutes—Retroactive Effect.
  3.   *Held,* under Code of Civil Procedure, section 3451, which declares that no part of said code is retroactive, unless expressly so declared, that property reduced to possession by the state in escheat proceedings prior to the enactment of the Code of Civil Procedure of 1895, cannot be recovered by the heir in a proceeding under section 2253 thereof.

*Appeal from District Court, Lewis & Clark County; Henry C.
Smith, Judge.*

Petition by William B. Pomeroy to determine his heirship to
Thomas M. Pomeroy, deceased, and for an order directing a
fund escheated to the state, and in the hands of the state treasurer, to be paid to petitioner. From an order granting the relief prayed for, the state appeals. Reversed.

*Messrs. Toole & Bach,* and *Bach & Wight,* for Respondent.

*Mr. Albert J. Galen,* Attorney-General, and *Mr. F. W. Mettler,* for Appellant.

. MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

The purpose of this proceeding is to obtain an order directed to the state auditor to draw his warrant on the state treasurer, payable to the petitioner, for the sum of $14,783.73, alleged to be due him as the sole heir of Thomas M. Pomeroy, deceased, who died intestate in Deer Lodge county on October 9, 1882, leaving an estate in Missoula county, which having escheated to the state of Montana, was converted into money and deposited in the state treasury.

The facts alleged in the petition are the following: The petitioner was born in the city of Boston, Massachusetts, on August 11, 1845, and is a legitimate son of Thomas M. and Elizabeth C. Pomeroy. The wife died on March 28, 1848, leaving two children surviving her—the petitioner and a sister, Susan Jane, who died at the age of seven years. Subsequent to the death of Elizabeth C. Pomeroy, Thomas M. was twice married, but had no other children, so that the petitioner is his sole heir and successor to his estate. As early as 1879 the father was residing in Missoula county, territory of Montana, and continued to reside in the territory until his death. One William McWhirk administered upon his estate by appointment by the probate court of Missoula county. On July 17, 1889, the administrator filed his account, which was approved. There remained in his hands as assets of the estate the sum of $372.15 in cash, and a lot of land situate in the town of Missoula. The administrator had no knowledge that the deceased had left a son or other kindred, and, as no claimant appeared, the court entered an order that the deceased had left surviving him no heir or heirs, so far as could be ascertained, who were entitled to succeed to the residue of the estate. Thereupon the county attorney of Missoula county, by a proceeding instituted for that purpose, procured an order of the district court declaring that the property belonging to the estate had escheated to the territory of Montana, and directing that the real estate be sold, and the proceeds of the sale, together with the sum of money still in

the hands of the administrator, deposited in the treasury of the territory. This order was made on November 4, 1889. Under its direction the property was sold, and the entire residue of the estate, amounting to $14,783.73, was deposited with the state treasurer on March 14, 1890; the territory having in the meantime been admitted into the Union as a state. During all the times mentioned the petitioner was a nonresident of the territory or state, and had no knowledge of the death of Thomas M. Pomeroy. He was not a party or privy to any of the probate or escheat proceedings, and had no notice thereof until a short time prior to the institution of this proceeding, on December 15, 1902.

The petition was filed in the district court of Lewis and Clark county, under the provisions of section 2253 of the Code of Civil Procedure, to have the heirship of the petitioner determined, and for an order directing the fund in the hands of the state treasurer to be paid to him. The attorney general appeared in the district court, and, while admitting the relationship of the petitioner to the deceased, resisted the application on various grounds—among others, that the petition does not state facts sufficient to warrant the relief demanded, that the court was without jurisdiction, and that the claim of the petitioner is barred by the statute of limitations. These contentions were all overruled, and on December 17, 1904, the court made and entered the order prayed for. The state has appealed.

Counsel in their briefs have covered a wide range, discussing many points which, though interesting, are not pertinent. It will be observed that the proceedings to have the escheat declared and the funds derived from the estate paid to the state treasurer took place before the adoption of the present Code; and, for authority for them, reference would have to be made to the Compiled Statutes of 1887. Both the petitioner and the state, however, assume that these proceedings were regularly conducted, and that the fund in controversy properly found its way into the hands of the state treasurer. The attitude thus assumed by counsel relieves the court from the necessity of de-

ciding any but the sole question whether or not the order sought
is authorized by the provisions of section 2253, *supra.*

The Title (Title VIII, Part III, Code of Civil Procedure)
of which this section is a part, has to do with escheated estates.
and lays down the procedure by means of which they may be
disposed of, and the proceeds covered into the state treasury.
Section 2253 provides: ''Within twenty years after judgment in
any proceeding had under this Title, a person not a party or
privy to such proceeding may file a petition in the district
court of the county in which the seat of government is located,
showing his claim or right to the property, or the proceeds
thereof. A copy of such petition must be served on the attor-
ney general at least twenty days before the hearing of the peti-
tion, who must answer the same; and the court must thereupon
try the issue as issues are tried in civil actions, and if it be
determined that such person is entitled to the property, or the
proceeds thereof, it must order the property, if it has not been
sold, to be delivered to him, or if it has been sold and the pro-
ceeds paid into the state treasury, then it must order the auditor
to draw his warrant on the treasury for the payment of the same,
but without interest or cost to the state, a copy of which order,
under the seal of the court, shall be a sufficient voucher for
drawing such warrant. All persons who fail to appear and
file their petitions within the time limited are forever barred.
\*   \*   \*   ''

We deem it hardly necessary to remark that, under the rules
of construction applicable to the provisions of these Codes
(Political Code, section 5162), the limitation prescribed by
this section is exclusive, and that no reference need be made to
the contentions of counsel touching the limitations prescribed
for ordinary actions. If the present application has been made
within the period here prescribed, it is within the time. It is
apparent that it has, if the facts stated bring it within the
purview of the section. The question therefore is: Does the
statute apply to the case presented? The Compiled Statutes of
1887 contain no similar provision, nor any provision by which,

after it had been judicially declared that property had escheated
to the state, and its proceeds had been reduced to possession and
covered into the state treasury, the tardy heir could get relief,
If he had any remedy at all, it was through the legislature, or
by some mode of procedure other than by authority of the stat-
ute.   By express provisions of these statutes, aliens were granted
the right of succession, and a mode was provided by which non-
residents of this class could be paid out of the treasury of the
state or territory, under certain limitations, after the property
had been converted and its proceeds paid to the treasurer.
(Compiled Statutes of 1887, Second Division, sections 553,
555.)   Substantially the same sections are found in the Civil
Code of 1895 (Sections 1867-1869), but these are special and
exclusive provisions, and have no application to cases in which
citizens of the United States appear as claimants.

. Upon the facts stated, the fund in question was paid into
the state treasury on March 14, 1890, and by virtue of pro-
ceedings had in the district court resulting in an order of sale
made November 4, 1889.   The present Act became operative
on July 1, 1895.   No relief can be had under it unless it should
be held to operate retroactively.   Sections 3450 and 3451 of
the Code of Civil Procedure declare:

"Sec. 3450.   This Code takes effect at 12 o'clock noon on the
first day of July, A. D. 1895.

"Sec. 3451.   No part of it is retroactive, unless expressly so
declared."

All the Codes contain similar provisions, and in considering
them, or any part of them, the rule of construction prescribed
by these sections must be applied.

Now, there is nothing in section 2253, *supra,* nor elsewhere
in Title VIII, which even by inference lends support to the
notion that the legislature intended it to apply to any money or
other property reduced to possession by the state in escheat pro-
ceedings prior to its enactment.   Indeed, the terms employed
indicate the contrary.   It is only after judgment had under the
direction of this Title declaring the property escheated, that the

district court of Lewis and Clark county may entertain an application. Before such judgment has been had, no order is necessary. The judgment of the district court of Missoula county rendered in 1889 cannot be said to have been rendered under this Title.

Again, as there was no provision, prior to the enactment of the Code of 1895, by which the fund could be withdrawn from the state treasury, to give a retroactive effect to this Title would require the further conclusion that the legislature intended by the enactment of it to create causes of action in favor of a certain class of citizens out of what prior to the date of its enactment were not such; in other words, that it was intended to permit this class of citizens to sue and recover from the state property which rightfully belongs to it. Upon the assumption that the legislature has power to do this—and upon this point we express no opinion—the intention to do it must be clearly manifest. Such is not the case.

In the district court the sufficiency of the petition was challenged by demurrer for want of substance, and on the ground of want of jurisdiction. The demurrer should have been sustained. The order is therefore reversed, and the cause is remanded, with directions to dismiss it.

*Reversed.*

MR. JUSTICE MILBURN and MR. JUSTICE HOLLOWAY concur.