## NELSON,
### *Respondent,*
*v.*
## STATE ACCIDENT INSURANCE FUND,
### *Petitioner.*

(WCB No. 77-1153, CA 14676)

602 P2d 341

Judicial Review from Workers' Compensation Board.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for petitioner. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Noreen K. Saltveit, Portland, argued the cause for respondent. With her on the brief was Merten & Saltveit, Portland.

Before Schwab, Chief Judge, and Tanzer and Campbell, Judges.

CAMPBELL, J.

**CAMPBELL, J.**

The State Accident Insurance Fund (SAIF) appeals from a Workers' Compensation Board (Board) order affirming the referee's order setting aside SAIF's May 24, 1973, denial of responsibility for claimant's psychological problems. The issue presented is whether claimant's mental incapacity at the time of the denial excuses her failure to request a hearing on the denial within the time limits established by ORS 656.319(1). We hold that such compliance is not excused and reverse.

In December 1972, claimant received a compensable back injury. As a result of this injury, she became severely depressed and entered Oregon State Hospital on April 25, 1973. Her condition was diagnosed as involutional melancholia. During her hospital stay, claimant received electroshock therapy, which her doctors assessed as moderately successful. She was discharged September 11, 1973.

SAIF issued the letter denying liability for claimant's psychological condition May 24, 1973, while claimant was at the State Hospital. The letter, sent by ordinary mail to claimant's home, was taken to claimant by her daughter. Claimant did not request a hearing on the denial.

Subsequent to a July 30, 1973, determination order awarding claimant 16 degrees or five percent unscheduled low back disability, claimant's claim was reopened in May 1974. A second determination order was issued October 23, 1974, awarding claimant an additional 64 degrees or 20 percent unscheduled low back disability. The second determination order stated, "This is not a Board Determination of any conditions denied by the insurer in his letter dated May 24, 1973." Claimant requested a hearing on November 19, 1974. By stipulation of April 29, 1975, her claim was reopened for payment of time loss and further medical care and treatment, and the request for a hearing was dismissed. A third determination

[157]

order dated July 21, 1975, awarded claimant additional temporary total disability as per the stipulation, but awarded no additional permanent partial disability. Her claim was again reopened by stipulation for further medical care and treatment and time loss commencing January 1, 1976. On February 1, 1977, a fourth determination order awarded claimant additional temporary total disability as per the stipulation and an additional 32 degrees or 10 percent unscheduled low back disability. On February 7, 1977, claimant requested a hearing on the determination order. A hearing was held June 10, 1977. Prior to this hearing, all proceedings since the May 24, 1973, denial had related solely to claimant's physical disability. At the hearing, claimant for the first time expressly raised the issue of her competency at the time of her receipt of the May 24, 1973, denial letter. The referee ordered the hearing continued until claimant submitted evidence on that issue. On October 25, 1977, claimant requested a hearing, which was to constitute a continuance of the earlier hearing.

A hearing was held January 25, 1978, at which claimant submitted, *inter alia,* a report dated August 11, 1977, from S. Roy Moss, M.D., a psychiatrist. Dr. Moss had previously examined claimant on May 20 and August 9, 1977, and had read reports from claimant's treatment at Oregon State Hospital and later treatment at Dammasch State Hospital. In the report, after setting forth claimant's history, Dr. Moss stated his opinion that due to "organic brain syndrome from electroshock therapy and her basic continued emotional problems," claimant did not understand the meaning of the May 24, 1973, denial or that she could appeal the decision. Dr. Moss testified that by January 1974, claimant was probably competent from a rational standpoint to enter a contract. SAIF introduced no evidence to controvert these conclusions. The referee found that when claimant received the denial she lacked the mental competency to understand it and to request a hearing in a timely fashion. For that reason,

[158]

he set aside the May 24, 1973, denial. On review, the Board affirmed.

ORS 656.319(1) sets the time within which a claimant must request a hearing on a denial of a claim. That section provides:

"(1) With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

It is undisputed that claimant did not request a hearing on the denial within the time required.

The benefits awarded under the workers' compensation law are purely statutory, and a claimant must strictly follow the prescribed procedures in order to recover under the law. *Gerber v. State Ind. Acc. Com.,* 164 Or 353, 101 P2d 416 (1940). Time limitations prescribed by the law are limitations upon the right to obtain compensation and are not subject to exceptions contained within the general statute of limitations. *Lough v. State Industrial Acc. Com.,* 104 Or 313, 207 P 354 (1922). Neither the Board nor the courts may waive these requirements. *Johnson v. Compensation Department,* 246 Or 449, 425 P2d 496 (1967); *Rosell v. State Ind. Acc. Com.,* 164 Or 173, 95 P2d 726 (1940).

*Lough v. State Industrial Acc. Com., supra,* is persuasive on the issue before us. In *Lough,* claimant became mentally incapacitated as a result of an industrial injury and was unable to file a claim within the time required by statute. The court held his claim was barred, stating:

"Without making any exception in favor of the

insane, the disabled or the infant, the legislature has seen fit to prescribe the terms upon which the bounty of the state may be enjoyed. Those who would avail themselves of the privilege thus extended must comply with its terms, and it does not lie within the power of any judicial tribunal, however beneficial it may be, to add terms that have not been put there by the law-making power. We may well regard this case as one of great misfortune, and yet we are powerless to extend relief where none is awarded by the statute." 104 Or at 322.

Although the legislature is aware of the problem of the mentally incapacitated claimant,[1] it has made no provision for an exception to ORS 656.319(1) in favor of such claimants. We hold that claimant's mental incapacity at the time of the denial did not excuse her compliance with ORS 656.319(1).

Claimant argues that since she made a timely request for a hearing on the second determination order, and that order "made reference to" the May 24, 1973, denial, she is not barred from raising the issue of the compensability of her psychological problems. We disagree. As noted above, the second determination order stated, "This is not a Board Determination of any conditions denied by the insurer in his letter dated May 24, 1973." An appeal from this determination order could not, therefore, raise the issue of the denial.

Reversed.

---

[1] *See* former ORS 656.319(1)(d), repealed by Oregon Laws 1975, ch 497, § 4. Under that section, in circumstances not present here, a worker rendered mentally incapable of seeking compensation because of an industrial injury was granted an extension of time in which to request a hearing on certain questions related to compensation.