Argued and submitted June 13, reversed October 3, 1990

In the Matter of the Compensation of
Elmira K. Satcher, Claimant.

## WACKER SILTRONIC CORPORATION
and Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

Elmira K. SATCHER,
*Respondent.*

(87-03768; CA A62476)

798 P2d 264

Jenny A. Ogawa, Salem, argued the cause for petitioners. With her on the brief was Kevin L. Mannix, Salem.

Patrick K. Mackin, Portland, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

In this workers' compensation case, employer seeks review of the Workers' Compensation Board's order affirming the referee's imposition of penalties and attorney fees for unreasonable delay in the payment of medical services. We reverse.

Employer sought Board review of a referee's order holding that claimant's injury was compensable. While that review was pending, employer denied payment for certain chiropractic services.[1] The referee set aside employer's denial of those services. Employer did not seek review of that order and did not pay for the medical services within 60 days after the order. Claimant sought enforcement of the medical services order. The referee held that employer was obligated to pay and assessed penalties and attorney fees against employer for unreasonable refusal to comply with the first referee's order. The Board affirmed.

An employer is liable for penalties and attorney fees if it "unreasonably delays or unreasonably refuses to pay compensation * * *." ORS 656.262(10). ORS 656.313 provides, in part:

"(1)  Filing by an employer or the insurer of a request for review or court appeal shall not stay payment of compensation to a claimant.

"* * * * *

"(4)  Notwithstanding ORS 656.005, for the purpose of this section, 'compensation' means benefits payable pursuant to the provisions of ORS 656.204 to 656.208, 656.210 and 656.214 and does not include the payment of medical services."[2]

Medical services cannot be considered compensation while

---

[1] Claimant's brief includes an argument relating to acupuncture services. Employer's assignment of error relates solely to the ruling about chiropractic services; therefore, we do not consider or make any determination regarding the acupuncture.

[2] ORS 656.313 has been amended, effective July 1, 1990. Or Laws 1990 (Special Session), ch 1197, § 23. The amendment is not applicable here.

review of compensability of the injury is pending. Thus, there was no basis on which to award penalties or attorney fees.[3]

Reversed.

---

[3] Claimant argues that, when employer failed to seek review of the referee's order directing payment of medical services, that order became final and employer was obligated to pay. The fact that the order became final, however, does not affect the fact that, under ORS 656.313(4), payment of medical services is not considered compensation while review of compensability of the injury is pending.