Argued and submitted May 14, reversed and remanded for reconsideration
November 7, 1990

In the Matter of the Compensation of
Maria Campos, Claimant.

Maria CAMPOS,
*Petitioner,*

*v.*

HOOD RIVER CARE CENTER
and Western Employers,
*Respondents.*

(87-08331; CA A61553)

799 P2d 1152

Angelo Gomez, Hillsboro, argued the cause for petitioner. With him on the brief was Ginsburg, Gomez & Neal, Hillsboro.

Nancy J. Meserow, Portland, argued the cause for respondents. With her on the brief was Scheminske & Lyons, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Claimant petitions for judicial review of a Workers' Compensation Board order that affirmed the referee's order dismissing her request for a hearing. We reverse and remand.

Employer denied claimant's aggravation claim and her claim for medical treatment. She filed a request for a hearing. The referee set the hearing for December 22, 1987, and mailed notices to claimant and her attorney on November 24. Claimant did not attend the hearing, but her attorney did. He withdrew the request for a hearing on the issue of medical benefits, said that he was unprepared to proceed on the aggravation claim in claimant's absence and asked for a postponement. Employer moved for an order of dismissal, because claimant had failed to appear, and the referee orally granted the motion. He told claimant's attorney, however, that he would reconsider the order if, within 30 days after the issuance of his dismissal order, claimant presented good cause for her failure to appear.

The referee issued his dismissal order on January 4, 1988. In relevant part, it reads:

> "[Employer] moved for an order of dismissal based upon claimant's failure to appear. The motion was allowed. Therefore: IT IS HEREBY ORDERED that this matter is dismissed. [*Former*] OAR 438-06-070."[1]

Claimant timely moved for reconsideration. She asked that the order of dismissal be set aside on the ground that she had good cause for failing to appear at the hearing and asked that she be given a new hearing.[2] Contemporaneously, she also requested Board review. Claimant submitted an affidavit and supporting documents in support of both of her requests.

Claimant's affidavit asserted that she had gone to Mexico on November 23, 1987, to see a Spanish-speaking

---

[1] *Former* OAR 438-06-070 was in effect on December 22, 1987. It provided:

"Failure of a party to appear at a hearing without good cause constitutes a waiver of appearance. If the party failing to appear is the party that requested the hearing, the request for hearing may be dismissed unless good cause is shown and the other party is not prejudiced thereby."

It was amended, effective January 1, 1988.

[2] Claimant does not argue that she had not failed to appear at the hearing of December 22, given that her attorney appeared on her behalf.

doctor who could treat her injury and to visit her old and infirm father; she did not receive the notice of hearing before she left, and her family in the United States could not contact her by telephone; she telephoned them on December 20 and learned that a hearing was scheduled for December 22; she immediately drove back to the United States and arrived on December 25; she understood little English and spoke with her lawyer through interpreters; and she did not understand what a hearing was, or that one would be scheduled in her case, and, accordingly, she did not notify her lawyer that she was leaving for Mexico. She also submitted to the referee and the Board a copy of the Mexican doctor's x-ray report, which her treating chiropractor in the United States had had translated.

The referee did not respond, by order or otherwise, to claimant's motion for reconsideration. Although claimant argued to the Board that the referee had incompletely developed the issue of good cause and asked it to remand for further evidence on the good cause issue, the Board simply issued an order that it "affirms and adopts the referee's order of dismissal."

Claimant asserts that the Board's order is inadequate for judicial review, because it contains no findings of fact or conclusions of law on the issue of inadequate record development. What claimant means by her assignment of error is that we cannot determine from the Board's order whether it considered the issue of good cause and why it reached the decision to affirm the referee, because neither the Board nor the referee made findings of fact or conclusions of law on the issue of good cause. We agree.

To be adequate for our review, an order of the Board must contain findings of fact, reasoning and conclusions of law, *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988), or it must adopt an order of the referee that has those components. *Johnston v. James River Corp.*, 91 Or App 721, 722, 756 P2d 696 (1988). Here, neither the Board nor the referee made findings of fact or conclusions of law on whether claimant had good cause for failing to appear. Indeed, the referee issued his order before claimant submitted her evidence on good cause to him. Although the referee gave claimant permission to seek reconsideration, nothing in the record indicates that he even considered the issue of good cause in the

light of the material that claimant presented in support of her motion. Obviously, his January 4, 1988 order does not respond to claimant's subsequent submission. Moreover, the Board's order does not address claimant's assertion that the record is insufficiently developed on the issue of good cause; it simply affirmed and adopted the referee's order. On review, we cannot determine why the Board decided not to remand to the referee for reconsideration. *See* ORS 656.295(5).[3]

Reversed and remanded for reconsideration.

---

[3] Because of our disposition of this case, we do not address claimant's other assignments of error.