Argued and submitted September 30, affirmed December 16, 1992

In the Matter of the Compensation of
Howard R. Mather, Claimant.

## SM MOTOR CO.,
*Petitioner,*

*v.*

## Howard R. MATHER,
*Respondent.*

(90-21041; CA A72515)

843 P2d 998

Darren L. Otto, Portland, argued the cause for petitioner. With him on the brief was Scheminske & Lyons, Portland.

Max Rae, Salem, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Deits and Durham, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Employer seeks review of an order of the Workers' Compensation Board affirming and adopting the referee's order holding claimant's aggravation claim compensable. We affirm the Board and write only to address the question of the timeliness of the claim.

The referee's findings are not challenged: Claimant suffered a compensable neck and upper back injury in 1984 while working as a mechanic. The referee found that the injury had "resulted in no temporary or permanent disability compensation." The claim was closed in August, 1985.[1]

Claimant suffered intermittent neck pain after his claim was closed, until January 1987, when he requested that it be reopened. Employer denied the request. The parties entered into a disputed claim settlement, which a referee approved in November, 1988. The agreement provides, in part:

> "1. [Employer] will rescind its January 8, 1987 and April 13, 1987 denials only insofar as it applies to claimant's upper back and neck. Claimant's claim remains non-disabling."

In August 1989, claimant went to Dr. Flora and then to Dr. Gibson, his family physician, complaining that he had more neck pain. Gibson referred claimant to Dr. LaFrance, a neurologist, who diagnosed a herniated disc. On August 15, 1990, claimant's attorney sent employer's insurer a letter requesting that the claim be reopened. On August 16, 1990, Gibson wrote the insurer, explaining claimant's condition:

> "[Claimant's] symptoms of paresthesias in the right arm and hand have progressed in the several months that I have been his physician. He currently has continual dysesthesias on the medial aspect of the right arm, forearm, and hand from the axilla to the fingers. This discomfort is worsened by having his arms raised over his head or holding his arms out for extended periods. This limits his ability to perform several jobs in his employment as a mechanic. These symptoms are a result of the disc herniation at C5-6. The symptoms are

---

[1] Exhibit 6, the claim form, shows that employer accepted the claim as disabling. Exhibit 12, the notice of closure, shows that claimant was awarded compensation for three days of temporary disability.

permanent and constitute a permanent work disability from the injury of 12-18-84."

The insurer did not treat either the attorney's letter or the doctor's report as an aggravation claim and did not begin paying benefits. Claimant requested a hearing.

ORS 656.273(4) provides:

"(a) The claim for aggravation must be filed within five years after the first determination or the first notice of closure made under ORS 656.268.

"(b) If the injury has been in a nondisabling status for one year or more after the date of the injury, the claim for aggravation must be filed within five years after the date of injury."

Employer contends on review, for the first time, that the claim is untimely, because claimant's aggravation rights expired on December 18, 1989, 5 years after the date of the original injury. The issue of timeliness was not raised before the referee or the Board, so the Board did not consider it. However, the parties apparently agree that the question is jurisdictional and that we can consider it on review.

The Board has held that a referee lacks "jurisdiction" to consider a claim that has not been filed within the time limitation of ORS 656.273(4). *Timothy D. Beard*, 43 Van Natta 432 (1991); *Denise A. Robinson*, 42 Van Natta 2514 (1990). Because it considers the requirements of ORS 656.273 to be jurisdictional, the Board would undoubtedly conclude that the question of the timeliness of a claim can be raised at any stage of the proceedings.

■  We have never addressed the question squarely. In *Nelson v. SAIF*, 43 Or App 155, 159, 602 P2d 341, *rev den* 288 Or 173 (1979), we said:

"It is undisputed that claimant did not request a hearing on the denial within the time required [by ORS 656.319(1)].

"The benefits awarded under the workers' compensation law are purely statutory, and a claimant must strictly follow the prescribed procedures in order to recover under the law. *Gerber v. State Ind. Acc. Com.*, 164 Or 353, 101 P2d 416 (1940). *Time limitations prescribed by law are limitations upon the right to obtain compensation and are not subject to*

*exceptions contained within the general statute of limitations. Lough v. State Industrial Acc. Com.*, 104 Or 313, 207 P 354 (1922). *Neither the Board nor the courts may waive these requirements. Johnson v. Compensation Department*, 246 Or 449, 425 P2d 496 (1967); *Rosell v. State Ind. Acc. Com.*, 164 Or 173, 95 P2d 726 (1940)." (Emphasis supplied.)

Although we did not say it in so many words, we draw from *Nelson* the conclusion that the time limitations for filing a claim, which may not be waived by a party *or by the court*, are jurisdictional. Accordingly, we conclude that a filing timeliness argument may be raised at any time and that we must consider employer's contention that the claim was not timely filed.

■ Generally, under ORS 656.273(4)(a), an aggravation claim must be filed within 5 years after the first determination order or the first notice of closure. If, however, the injury "has been in nondisabling status for one year or more after the date of the injury," ORS 656.273(4)(b), a claimant has 5 years after the date of the injury within which to file an aggravation claim. Therefore, the present claim is timely, if it is subject to ORS 656.273(4)(a); it is not timely, if it is subject to ORS 656.273(4)(b).

There is no statutory definition of "nondisabling status." Under ORS 656.005(7)(d), a nondisabling injury is one that requires medical services only. Because claimant had 3 days of temporary disability after his injury, it was not nondisabling under that definition. We note that claimant had no permanent disability; however, employer does not contend that the injury was nondisabling when it was closed and, therefore, subject to ORS 656.273(4)(b).

In the settlement of the 1987 aggravation claim, the parties agreed that the claim "remains non-disabling." More than 1 year passed after the referee's November 9, 1988, approval of that settlement before the filing of the current aggravation claim. Employer contends that, by virtue of the settlement and the referee's order approving it, the claim was nondisabling as of November 9, 1988, and "for one year or more after the date of the injury." It asserts, consequently, that, under ORS 656.273(4)(b), claimant had only 5 years from the 1984 injury within which to file the claim and that the claim is, therefore, untimely.

■ Employer assumes that the 1-year period without disability, which is a predicate to the applicability of ORS 656.273(4)(b), may begin at any time within 5 years after the injury. As we read ORS 656.273(4)(b), it applies only to injuries that were nondisabling at the beginning *and remain so* for at least 1 year after the original injury. Because claimant's injury was initially disabling, we conclude that it is subject to the limitation in ORS 656.273(4)(a). Claimant had 5 years after the notice of closure within which to file an aggravation claim. The claim was, therefore, timely.

We also conclude that Gibson's letter of August 16, 1990, constituted a claim for aggravation and that there is substantial evidence to support the Board's determination that the claim is compensable.

Affirmed.