Argued and submitted May 19, reversed and remanded for reconsideration in part; otherwise affirmed August 9, 1995

## S-M MOTOR COMPANY
### and Argonaut Insurance Company,
*Petitioners,*

*v.*

## Howard R. MATHER
### and Department of Consumer
### and Business Services,
*Respondents.*

(H92-159; CA A85413)

900 P2d 1079

Vera Langer argued the cause for petitioners. On the brief were Darren L. Otto and Scheminske & Lyons.

Max Rae argued the cause and filed the brief for respondent Howard R. Mather.

John T. Bagg, Assistant Attorney General, argued the cause for respondent Department of Consumer and Business Services. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Employer[1] seeks reversal of an order of the Department of Consumer and Business Services (DCBS) assessing a 25 percent penalty based on employer's failure to pay temporary disability benefits to claimant and an additional 25 percent penalty for employer's unreasonable delay in paying him medical expenses. ORS 656.262(10)(a). We reverse in part and affirm in part.

In December 1984, claimant injured his neck at work when he slipped on ice and fell. Claimant filed a claim that was eventually closed in August 1985. In August 1990, claimant filed an aggravation claim. Employer denied that claim, but after a hearing in January 1991, the referee held that the aggravation claim was compensable. Employer requested review of the referee's order. On March 19, 1991, claimant's physician reported that claimant was unable to work until further notice. Claimant was released to return to his regular work in July 1991.

In November 1991, the Workers' Compensation Board (Board) affirmed and adopted the referee's earlier order that had found the aggravation claim compensable. Employer sought review of the Board's order in this court. While review of that order was pending before this court, claimant filed a petition with DCBS seeking an award of penalties and attorney fees against employer pursuant to ORS 656.262(10)(a).[2] In June 1992, DCBS issued a proposed

---

[1] Petitioners, S-M Motor Company and Argonaut Insurance Company, will be referred to as "employer" throughout this opinion.

[2] ORS 656.262(10)(a) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due. Notwithstanding any other provision of this chapter, the director shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount described in this subsection. The entire additional amount shall be paid to the worker if the worker is not represented by an attorney. If the worker is represented by an attorney, the worker shall be paid one-half the additional amount and the worker's attorney shall receive one-half the additional amount, in lieu of an attorney fee. The director's action and review thereof shall be subject to ORS 183.310 to 183.550 and such other procedural rules as the director may prescribe."

The 1995 Legislature renumbered ORS 656.262(10) as ORS 656.262(11). The text of the subsection was not changed. Or Laws 1995, ch 332 (SB 369).

amended order that assessed a 25 percent penalty against employer based on employer's failure to pay temporary disability payments due claimant between March 1991 and July 1991. Petitioners and claimant requested a hearing with DCBS on that order. Meanwhile, we issued an opinion, concluding that claimant's aggravation claim was compensable. *S-M Motor Co. v. Mather*, 117 Or App 176, 843 P2d 998 (1992).

In July 1993, a hearings officer for DCBS issued an amended preliminary order affirming the 25 percent penalty based on the failure to pay temporary disability benefits. He also assessed an additional 25 percent penalty against petitioner for an unreasonable delay in the payment of medical expenses. Employer requested reconsideration of that order, but DCBS denied reconsideration and affirmed the assessment of both penalties against employer.

■ On review, employer first argues that DCBS erred in awarding claimant a penalty under ORS 656.262(10)(a) for its alleged unreasonable delay in paying medical expenses. Employer contends that claimant's petition for penalties and attorney fees was filed prematurely because payment of all medical bills had been stayed pursuant to ORS 656.313 pending review of claimant's aggravation claim. ORS 656.313 provides, in part:

"(1)(a)  Filing by an employer or the insurer of a request for hearing on a reconsideration order or a request for board review or court appeal stays payment of the compensation appealed, except for:

"(A)  Temporary disability benefits that accrue from the date of the order appealed from until closure under ORS 656.268, or until the order appealed from is itself reversed, whichever event first occurs; and

"(B)  Permanent total disability benefits that accrue from the date of the order appealed from until the order appealed from is reversed."[3]

---

[3] The 1995 amendments to ORS 656.313 do not affect the disposition of this issue. Or Laws 1995, ch 332 (SB 369).

ORS 656.005(8) defines "compensation" as

"all benefits, including medical services, provided for a compensable injury to a subject worker * * *."

Employer contends that, because ORS 656.313 provides that payment of compensation is stayed on review except for permanent and temporary disability payments, and because medical bills are compensation, its obligation to pay claimant's medical expenses was stayed during the pendency of the review. Therefore, no sanction could be assessed for an unreasonable delay.[4] Claimant argues that medical bills were related to claimant's original injury in 1984, not to the aggravation claim, and that the claim for the bills is not subject to ORS 656.313.

We conclude that DCBS's order is not adequate for our review. It does not resolve the factual dispute regarding whether the unpaid medical expenses relate to the original injury or the aggravation claim. If the medical expenses stemmed from the aggravation claim, ORS 656.313 expressly provides that they were stayed during the pendency of review. Thus, employer could not be penalized for a delay in paying medical expenses during that time. If, however, the medical expenses arose from the original injury, then the stay provisions of ORS 656.313 would be inapplicable. Consequently, we cannot review the issue framed by the parties without findings setting forth whether the medical expenses were attributable to the original injury or the aggravation claim. *See Campos v. Hood River Care Center*, 104 Or App 261, 799

---

[4] Employer cites *Wacker Siltronic Corp. v. Satcher*, 103 Or App 513, 515-16, 798 P2d 264 (1990), for the proposition that "medical services cannot be considered compensation while review of compensability of the injury is pending." *Wacker* was decided before the 1990 amendments to the Workers' Compensation Law. Or Laws 1990, ch 1197 (Special Session). We specifically noted in *Wacker* that the amendments were not applicable to that case. *Id.* at 515 n 2. Before the 1990 amendments, ORS 656.313 provided, in part:

"(1) Filing by an employer or the insurer of a request for review or court appeal *shall not* stay payment of compensation to a claimant.

"* * * * *

"(4) Notwithstanding ORS 656.005, for the purpose of this section, 'compensation' means benefits payable pursuant to the provisions of ORS 656.204 to 656.208, 656.210 and 656.213 *and does not include the payment of medical services.*" (Emphasis supplied.)

The 1990 amendments changed section (1) and eliminated section (4). Thus, *Wacker* is inapplicable to the facts of this case.

P2d 1152 (1990). On remand, if DCBS finds that the medical bills were related to the original injury, it should also make findings about whether any bills were submitted to employer and whether they were timely paid.

■     In its next assignment of error, employer argues that claimant did not timely file his petition for penalties and attorney fees for employer's alleged unreasonable failure to pay temporary disability benefits. The parties agree that the timeliness of claimant's petition is governed by OAR 436-60-155 (1990), which provided, in part:

> "(1)   Pursuant to ORS 656.262(10), the director may require the insurer to pay an additional amount to the worker as a penalty when the insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim. Penalties for unreasonable delay in payment of medical bills shall be processed in accordance with OAR 436-10.

> "(2)   For the purpose of administering this rule, violations occurring prior to January 1, 1991 will only be acted upon if presented by July 1, 1991. *Complaints on or after January 1, 1991 must be presented within 180 days of the alleged violation.*"[5] (Emphasis supplied.)

Under the rule, a petition for a penalty must be filed within 180 days of the alleged "violation."

Employer argues that, pursuant to OAR 436-60-150(5),[6] temporary disability payments were required to be

---

[5] OAR 436-60-155 was amended in 1994. Subsection (1) remains the same, although subsections (2) and (3) now read:

"(2)  Requests for penalties under this section must be in writing, stating what benefits have been delayed or remain unpaid, and received by the Division within 180 days of alleged violation.

"(3)  For the purpose of this section, 'violation' is either:

"(a)  A late payment or the nonpayment of any single payment due, in which case a request for penalty must be received by the Director within 180 days of the date payment was due; or

"(b)  A continuous nonpayment or underpayment such as with yearly cost of living increases for temporary disability compensation. In these instances, a request for penalty must be received by the Director within 180 days of the date of the last underpayment. All prior underpayment will be considered as one violation, regardless of when the first underpayment occurred."

[6] OAR 436-60-150(5) provides,

"Temporary disability shall be paid to within seven (7) days of payment at least once each 14 days. When making payments as provided in OAR

paid every 14 days following the March 19, 1991, date when claimant's physician released him from work. Therefore, the 180-day period started to run on that date. Consequently, claimant's petition filed on December 4, 1992, or 246 days after the alleged violation, was untimely. Claimant argues that, because the violations occurred every 14 days, the 180-day time limit did not begin to run until the last payment was due.

■        The Director determined that the commencement of the 180-day time limit does not begin so long as the violation is ongoing.[7] We will not disturb an agency's interpretation of its own rule where the agency's interpretation "cannot be shown either to be inconsistent with the wording of the rule itself, or with the rule's context, or with any other source of law." *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994). In this case, the agency interpreted the term "violation" to include a continuing violation. This interpretation is plausible and consistent with the wording of the rule as well as with the statutory context and other sources of law. Accordingly, we hold that although claimant did not challenge the initial nonpayments of temporary disability benefits, OAR 436-60-155 does not preclude him from asserting a claim for penalties based on amounts of temporary disability due, so long as the petition was filed within 180 days from the time the final payment was due. The penalty under ORS 656.262(10)(a) is calculated on the

---

436-60-020(1), the employer may make subsequent payments of temporary disability concurrently with the payroll schedule of the employer, rather than at 14-day intervals."

[7] The Director reasoned:

"[T]he insurer's argument fails to address when the 180-day time limit properly commences.

"It is claimant's assertion that the insurer failed to make timely TTD payments. This violation is alleged to have occurred over a period of time. We simply submit that the commencement of the 180-day time limit in the rule does not accrue so long as the violation is ongoing. * * *

"At the very least, claimant's right to assert a claim for penalties based on the last TTD payment alleged to have been untimely should not be precluded by claimant's possible failure to have challenged earlier nonpayments. * * * Penalties assessed on either calculation of the OAR 436-60-155(2) deadline essentially will yield the same penalty because the amount of penalty relates to the total amount of compensation still outstanding. * * *"

amounts then due. Thus, the total unpaid temporary disability benefits would constitute the amounts due and therefore the amount subject to the penalty, regardless of when the temporary disability benefits first became due.

Employer's remaining assignments of error and arguments do not merit discussion.

Reversed and remanded for reconsideration of penalty for unreasonable delay in paying medical expenses; otherwise affirmed.