Argued and submitted September 17, reversed, referee's order reinstated November 7, reconsideration denied December 21, 1984, petition for review denied January 8, 1985 (298 Or 470)

In the Matter of the Compensation of
James C. Welch, Claimant.

WELCH,
*Petitioner,*

*v.*

BANISTER PIPELINE,
*Respondent.*

(82-01160; CA A30608)

690 P2d 1080

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Brian L. Pocock, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant appeals an order of the Workers' Compensation Board which reversed the referee and held that claimant was not permanently and totally disabled. We reverse.

In this case, in which claimant does not exhibit total physical incapacity, we are involved with the so-called "odd-lot" doctrine, under which a disabled person may remain capable of performing work of some kind but still be permanently disabled due to a combination of medical and non-medical disabilities which effectively foreclose him from gainful employment. Such nonmedical considerations include age, education, adaptability to nonphysical labor, mental capacity and emotional condition, as well as the conditions of the labor market. *Livesay v. SAIF,* 55 Or App 390, 394, 637 P2d 1370 (1981). Because such an injured worker has some capacity for employment, he is statutorily required to make reasonable efforts to find work, although he need not engage in job seeking activities that, in all practicality, would be futile. ORS 656.206; *Smith v. Brooks-Scanlon,* 54 Or App 730, 734, 636 P2d 433 (1981). The ultimate determination of disability must be based on the claimant's current condition, not on his potential for future employment after retraining. *Gettman v. SAIF,* 289 Or 609, 614, 616 P2d 473 (1980).

Claimant is a 40-year-old man. Although he has a ninth-grade education, he tests out equivalently between the third and the fourth grade level. He is of low average intelligence and very low manual dexterity. His employment history includes only very heavy labor. His most recent employment was a driller on jobs involving the use of explosives. On October 20, 1980, he was employed in that capacity when five cases of dynamite prematurely exploded and threw him 20 to 30 feet and he landed on his shoulder. In addition, a large rock struck him in the low back. As a result of the accident, he is no longer able to return to heavy labor. He has been released to do light work, with limitations that he is to do no repetitive bending, no lifting over 10 to 15 pounds and no twisting.

Claimant was referred to LaMotte, a counselor for Vocational Rehabilitation, who worked with him for several months and reported that he was motivated and would give his "best shot" to any job that was available. However, after a

thorough evaluation, LaMotte reported: "I don't know of any jobs that this man can handle, nor do I know of any that I can train him for." Testifying at the hearing, LaMotte finally conceded that, perhaps with some kind of training, claimant could find work but stated that it would take a minimum of three years and that he was not sure what kind of training that would be. LaMotte further stated that claimant's unemployability is not the result of difficult economic times. Even if the economy were booming, claimant would be unemployable without retraining.

Employer had a Vocational Rehabilitation Specialist, Hauk, review the exhibits and testify as to claimant's employability. Hauk stated three times in his testimony that claimant was not currently employable. He believed, however, that claimant could be employed after three to nine months of basic education and then training in some specialty school.

■ Whether a claimant is permanently and totally disabled must be decided on the basis of conditions existing at the time of the decision, not on the basis of a speculative future change in employment status. *Gettman v. SAIF, supra,* 289 Or at 614. In this record, there is no evidence whatsoever that claimant is *currently* capable of gainful employment. Therefore, we have no choice but to reverse and find that claimant falls within the odd-lot category and is permanently and totally disabled as of May 12, 1982, the date of the hearing.

Reversed; referee's order reinstated.