Argued and submitted November 1, 1985, reversed and remanded with instructions to award permanent total disability January 29, 1986

In the Matter of the Compensation of
Jephtha Orriggio, Claimant.
ORRIGGIO,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*
(WCB 83-04706; CA A33972)
713 P2d 660

William H. Skalak, Milwaukie, argued the cause and submitted the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant, a 57-year-old carpenter, seeks review of an order of the Workers' Compensation Board. He was injured on the job when he slipped and fell six feet to a concrete floor. He struck his head, and a piece of steel reinforcement bar pierced his left wrist. Claimant claims that as a result of this injury and other physical and mental impairments he is permanently and totally disabled. The referee held that claimant was not entitled to an award of permanent total disability, because he had not sought employment since his injury. He ordered an award of 160 degrees for 50 percent unscheduled left shoulder and seizure disability and 45 degrees for 30 percent left forearm disability. The Board affirmed the referee. We reverse and remand for an award of permanent total disability.

Claimant was born in Jamaica and learned his carpentry skills there. At the age of 35 he moved to England and then to the United States in 1975. He has been a carpenter for approximately 38 years. All doctors agree that he is physically unable to continue with construction carpentry and is limited to light work. In addition to permanent physical impairments to his arm and shoulder, the record indicates that he suffers from seizures as a result of his injury which prevent him from working at heights or around dangerous machinery. Doctors have also noted possible brain damage as a result of the fall, as evidenced by a poor memory and low comprehension.

Claimant has the equivalent of a sixth grade education but is functionally illiterate, with poor verbal skills. His intelligence is below average. He was admitted to the Callahan Center for vocational evaluation. He performed poorly on vocational tests and failed to qualify for any of the 66 occupational aptitude patterns. A counselor reported that he has no transferable skills. A private rehabilitation counselor was of the opinion that claimant is "employable in some capacity," but could not recommend retraining in a specific area:

> "It is consultant's opinion that Mr. Orriggio is employable in some capacity, and that due to his severely deficient academic skills and physical limitations that have rendered him unable to return to his former position, the [vocational assessment] status is seen as appropriate. However, the task of arriving at a feasible vocational direction will be a difficult

one due to client's almost insurmountable limitations which pertain to his physical condition, his academic status and his narrow vocational background."

The same counselor was of the opinion that claimant had no marketable skills and recommended that he not consider employment in a new field due to the combination of his cultural and mental limitations. In the opinion of Dr. Colistro, a psychologist, claimant is not able to train for any activity because of his extremely poor aptitude, lack of education and memory problem.

Claimant has not sought work since his injury. The referee believed that he "has consistently made valiant efforts to present himself in the worst possible light and that his demonstrations and representations are only worthy of belief to the extent that they are supported by objective medical evidence." The referee also doubted the credibility of claimant's poor vocational test results because of the degree of skill that claimant must have acquired in 38 years as a carpenter. While the opinion of the referee as to credibility is ordinarily entitled to deference, *Erikson v. SAIF,* 47 Or App 1033, 615 P2d 420 (1980), here there is no evidence that claimant imagined or invented his symptoms or has tried to appear more disabled than he is. The evidence is quite to the contrary.

As we view it, this case does not involve a question of credibility. All doctors agree as to the extent of claimant's physical impairment. His representations are indeed supported by objective medical evidence. The only question is whether he is employable. Although claimant has participated enthusiastically in vocational rehabilitation, no employment has been suggested. From our examination of the record, we conclude that claimant is not now capable of being employed at regular and gainful employment and that he should not be required to undergo the futile act of searching for work. *See Welch v. Bannister Pipeline,* 70 Or App 699, 690 P2d 1080 (1984).

Reversed and remanded with instructions to award permanent total disability.