Argued and submitted April 7, reversed; referee's order reinstated October 29, 1986

In the Matter of the Compensation of
James B. Welch, Claimant.

**WELCH,**
*Petitioner,*

*v.*

**BANISTER PIPE LINE et al,**
*Respondents.*

(WCB 84-03571; CA A37035)

727 P2d 140

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Brian Pocock, Eugene, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant petitions for judicial review of a Worker's Compensation Board Order which denied him payments after he sought a second opinion regarding further treatment and his disability status. The Board reversed a referee's order which had awarded claimant the disputed benefits.

On October 20, 1980, claimant was involved in an industrial explosion in Union County which injured his lower back, eyesight and hearing. He was referred to Dr. Sulkosky, who treated him for the back injuries with an exercise and weight loss regimen until September 4, 1981. He was awarded permanent total disability benefits on August 6, 1982.[1] Claimant saw Sulkosky once again on October 10, 1983. The purpose of the appointment, which had been scheduled by the Oregon Field Services Division in Bend, was to determine claimant's then existing physical capabilites.

After the Board had reduced claimant's disability award, he consulted his attorney, stating that he was dissatisified with Sulkosky and wanted to see another doctor. The attorney suggested at least four doctors, and the name of Dr. Berkeley, a Portland neurologist, was "drawn out of a hat." Berkeley examined claimant on March 15, 1984, and concluded that future treatment should be primarily "supportive and also preventative."

Berkeley's bill for consultation and the related lab and radiology bills were sent to the insurer, who denied payment on the basis that claimant had been referred by his attorney and that Berkeley's services should be billed to claimant's attorney as "a litigation report."

Payment of medical expenses, whether palliative or curative, are to be paid by the carrier or employer under ORS 656.245.[2] As we concluded in *Smith v. Chase Bag Company,* 54

---

[1] The referee's finding of total disability was later reversed by the Worker's Compensation Board. On appeal, we reversed the Board's order and reinstated the referee's award of total disability. *Welch v. Banister Pipeline,* 70 Or App 699, 690 P2d 1080 (1984), *rev den* 298 Or 470 (1985).

[2] ORS 656.245 provides, in part:

"(1) For every compensable injury the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires,

Or App 261, 634 P2d 809, *rev den* 292 Or 334 (1981), a claimant's right to choose a physician under the language of ORS 656.245(3) includes the right to change doctors. We do not agree with the Board's finding that claimant's consultation with Berkeley was solely for purposes of litigation rather than treatment. Although Berkeley was recommended by claimant's attorney, the recommendation was in response to his dissatisfaction with his previous medical treatment. Claimant was entitled to a second opinion and, in the absence of a showing that the appointment with Berkeley was for a purpose other than medical treatment, the expenses should be paid.

Reversed; referee's order reinstated.

---

including such medical services as may be required after a determination of permanent disability. Such medical services shall include medical, surgical, hospital, nursing, ambulances and other related services, and drugs, medicine, crutches and prosthetic appliances, braces and supports and where necessary, physical restorative services. * * *

"* * * * *

"(3) The worker may choose an attending doctor or physician within the State of Oregon. The worker may choose the initial attending physician and may subsequently change attending physician four times without approval from the director. * * *"