In the Matter of the Compensation of
Wesley L. Simpson, Claimant.

## STATE ACCIDENT INSURANCE FUND CORPORATION et al,
*Petitioners,*

*v.*

## SIMPSON,
*Respondent.*

(WCB 85-05267; CA A40209)

746 P2d 257

Christine Chute, Assistant Attorney General, Salem, argued the cause for petitioners. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James L. Edmunson, Eugene, argued the cause for respondent. With him on the brief was Malagon & Moore, Eugene.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

### DEITS, J.

Employer challenges the award of permanent total disability, arguing that, because claimant has residual physical capacity, it was error for the referee and Board to excuse him from the requirement that he seek work. We affirm.

Claimant, 54 years old, has worked primarily as a mechanic and welder since 1954. He has not been employed since he suffered a compensable injury to his back in 1979. The referee made these pertinent findings concerning his condition:

"At present claimant experiences constant back pain and pain in both legs, worse on the right. He also experiences burning in the left groin and occasional numbness in both legs. Claimant has difficulty sitting, although if he squirms he is able to sit for twenty to thirty minutes. Claimant can stand in one position for less than one half hour.

"* * * * *

"The medical evidence establishes that claimant is severely disabled by his industrial injury. At most claimant is capable of doing light work. In addition, claimant has a strong psychological component to his pain. I find that his psychological component is not voluntary and claimant is not malingering. Consequently, I consider all claimant's subjective complaints in rating the extent of his disability. *See, Barrett v. Coast Range Plywood,* 294 Or 641[, 661 P2d 926] (1983).

"In addition to his physical and psychological problems, claimant is limited by social and vocational factors. He is 54 years old and has only a seventh grade education. His work has generally been in jobs requiring heavy labor. The sole vocational expert concludes that claimant has few transferable skills and that without further training he is incapable of engaging in regular gainful employment."

Employer argues that a person who seeks odd-lot permanent total disability should never be excused from the requirement of ORS 656.206(3) to prove that reasonable efforts have been made to obtain employment:

"The worker has the burden of proving permanent total disability status and must establish that the worker is willing to seek regular gainful employment and that the worker has made *reasonable* efforts to obtain such employment." (Emphasis supplied.)

■ ■    However, just as physical incapacity may make a worker's efforts to seek work futile, and therefore reasonable, non-medical factors which establish permanent total disability under the odd-lot doctrine also may make efforts to seek work futile. *Welch v. Banister Pipeline,* 70 Or App 699, 690 P2d 1080 (1984), *rev den* 298 Or 470 (1985). In this case, claimant's efforts to seek work were minimal. However, his physical incapacity, considered together with his non-medical disabilities, support the conclusion that greater effort would have been futile. *Madaras v. SAIF,* 76 Or App 207, 707 P2d 1302 (1985).

Affirmed.