Argued and submitted February 5, affirmed August 24, 1988

In the Matter of the Compensation of
Mary V. Scholl, Claimant.
STATE ACCIDENT INSURANCE FUND
CORPORATION et al,
*Petitioners,*

*v.*

SCHOLL,
*Respondent.*

(WCB No. 84-13401; CA A42723)

759 P2d 326

Christine Chute, Assistant Attorney General, Salem, argued the cause for petitioner. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James L. Edmunson, Eugene, argued the cause for respondent. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

SAIF seeks review of an award of permanent total disability, arguing that, because claimant has some physical capacity, it was error for the Board to excuse her from the requirement that she seek work. We affirm.

Claimant, age sixty-eight, worked in the 1930's as a seamstress and in the 1960's selling jewelry and household products. She had worked for employer for three years as a kitchen helper when she injured her back in 1978. Since that time she has not worked. The Board found:

> "Claimant is 68 years old with a 12th grade education. She has minimal work experience, a dull normal IQ and no transferable skills. Every doctor who examined claimant expressed the opinion that she was totally disabled except Dr. Pasquesi, who rated her disability as moderate. Mr. McNaught, the vocational expert, testified that even assuming that Dr. Pasquesi's physical assessment of claimant was correct he would still conclude that claimant was unemployable. He further stated that considering claimant's impairment and the other vocational factors that it would be futile for her to look for work. Based on our review of the record, we disagree with the referee's conclusion that claimant was not motivated to return to work and find that it would have been futile for her to have sought employment."

SAIF concedes that claimant is entitled to 100 percent unscheduled permanent disability, based on a combination of physical, social and vocational factors. Nonetheless, it argues that a claimant who seeks odd-lot permanent *total* disability should never be excused from the requirement of ORS 656.206(3) to prove that reasonable efforts have been made to seek employment. Under the odd-lot doctrine, even though a disabled person may be capable of performing work of some kind, she may still be totally disabled due to a combination of medical and non-medical considerations. *SAIF v. Simpson,* 88 Or App 638, 641, 746 P2d 257 (1987), *rev den* 305 Or 273 (1988); *Welch v. Banister Pipeline,* 70 Or App 699, 701, 690 P2d 1080 (1984), *rev den* 298 Or 470 (1985).

SAIF maintains that claimant actually retired from the work force and, for that reason, failed to seek employment. A claimant has the burden of proving that she is willing to seek regular gainful employment and that she has made

reasonable efforts to obtain such employment. ORS 656.206(3). However, a claimant may be excused from that requirement if she can establish that the search would be futile. *SAIF v. Simpson, supra; Madaras v. SAIF,* 76 Or App 207, 208, 707 P2d 1302 (1985). The Board held that it would have been futile for claimant to have sought work. On *de novo* review, we agree that her physical incapacity in conjunction with her non-medical disabilities made a search futile. *See Crumley v. Combustion Engineering,* 92 Or App 439, 758 P2d 878 (1988).

Affirmed.