Argued and submitted January 5, affirmed on petition; reversed and remanded for
reconsideration on cross-petition May 2, 1990

In the Matter of the Compensation of
Earl R. Hall, Claimant.

HALL,
*Petitioner - Cross-Respondent,*

*v.*

SILVER EAGLE COMPANY et al,
*Respondents - Cross-Petitioners.*

(86-02464; CA A60172)

791 P2d 142

Alan M. Scott, Portland, argued the cause for petitioner -

cross-respondent. With him on the brief were Gary L. Tyler and Galton, Popick & Scott, Portland.

Jerald P. Keene, Portland, argued the cause for respondents - cross-petitioners. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

**DEITS, J.**

Claimant seeks review of an order of the Worker's Compensation Board increasing his unscheduled permanent disability award for his low back injury to 70 percent and denying his claim for an award of permanent total disability (PTD). He argues that he is entitled to PTD under the odd-lot doctrine and that the Board's order is not supported by substantial evidence. Employer requests review of the Board's refusal to approve its attorneys' supplemental statement of services rendered. We affirm on the petition and reverse and remand on the cross-petition.

In February, 1985, claimant, a truck mechanic, injured his back when he slipped and fell at work. He had back surgery in April, 1985. After the surgery, his treating physician, Dr. Franks, concluded that he could not return to his job as a mechanic but should be retrained for a light duty or sedentary occupation in which he would not have to lift more than 35 pounds or to repetitively bend, lift or lean over. Franks concluded that claimant was employable at a light duty job and could work an eight-hour day but that his back would continue to bother him.

■     Claimant argues that the Board erred in holding that he is not permanently and totally disabled. To establish PTD, a claimant must prove inability to perform any work at a gainful and suitable occupation. PTD may be established through medical evidence of physical incapacity or under the "odd-lot doctrine." Under that doctrine, a person may establish permanent total disability, even though not completely physically disabled if non-medical factors, such as age, education, adaptability to perform non-physical labor, mental capacity and emotional condition, as well as the conditions of a hypothetically normal market foreclose the person from gainful employment. *Harris v. SAIF*, 292 Or 683, 695, 642 P2d 1147 (1982); *Welch v. Banister Pipeline*, 70 Or App 699, 701, 690 P2d 1080 (1984), *rev den* 298 Or 470 (1985).

■     Here, the Board did consider non-medical factors that might qualify claimant for PTD. As it stated:

> "We further conclude that when claimant's physical disabilities are combined with his social and vocational factors, he has not established permanent total disability under the

'odd-lot' doctrine. We are persuaded that he possesses sufficient physical capabilities, work experience, and vocational training to achieve a successful return to the work force.

"Claimant is at the vocationally advanced age of 57 years old. Further, he has limited formal education. However, these negative social and vocational factors, are offset by claimant's extensive experience and knowledge of the mechanic trade."

There is substantial evidence to support those conclusions. Claimant was evaluated by vocational counselors who concluded that he is employable, even considering his impairment, his transferable skills and other socio-economic factors. Both experts had knowledge of the availability in the labor market in claimant's locality of jobs that would be appropriate for claimant.[1]

Pursuant to ORS 656.388, a claim for legal services by an attorney representing a worker or an insurer for services before the Board, must be approved by the Board. Employer requests review of the Board's refusal to address the supplemental statement of legal services that it alleges that its attorneys submitted before the issuance of the Board's order. In December, 1987, the parties completed briefing to the Board in this case. On January 1, 1988, the Board's new administrative rules became effective. The rules changed the procedure for employers' submission to the Board of statements of services in support of defense attorney fees. ORS 656.388(1); OAR 438-15-027(1). In February, 1988, employer's attorneys submitted a statement of services in the amount of $160 for anticipated time spent in monitoring the file pending a decision. It contends that, in February, 1989, it sent a supplemental statement of services, increasing the fees requested to $540 because of the length of time spent waiting for a decision by the Board.

On March 10, 1989, the Board issued its order on the merits of the case and approved the $160 fee originally requested, but said nothing about the supplemental fee request. On March 15, employer filed a request for reconsideration of the supplemental request. On March 16, claimant filed a petition for review from the Board's order. On April 4, 1989, the Board issued an order on reconsideration, stating

---

[1] Claimant's other assignments of error are without merit.

that it had received the request for a supplemental client-paid fee on March 16, 1989, the same day that claimant filed for judicial review. The Board concluded:

"We have previously held that, when our prior order has addressed either the carrier's counsel's entitlement to, or the amount of a client-paid fee, our authority to consider requests for attorney fee authorizations is contingent upon our retaining jurisdiction over the order. *See Robert D. Janini,* 40 Van Natta 1127 (1988); *Jane E. Stanley,* 40 Van Natta 831 (1988). Here, our March 10, 1989 order addressed the insurer's counsel entitlement to, as well as the amount of, a client-paid fee. Inasmuch as that our order has been appealed, we lack jurisdiction to address this supplemental request for authorization."

The Board also stated that it recognized that it had the authority to withdraw the order, but that it rarely had done so and would not in this case.

■ The Board's conclusion that, because claimant filed a petition for review, it no longer had jurisdiction is incorrect. We held in *SAIF v. Fisher,* 100 Or App 288, 785 P2d 1082 (1990), that the Board has the authority to withdraw an order and reconsider its decision until the order becomes final, which, in accordance with ORS 656.295, is 30 days after the order is issued. The fact that a petition for judicial review has been filed during that time does not affect the Board's authority to withdraw its order or to issue a new amended order. It is within its discretion whether to withdraw the order for purposes of reconsideration. Here, the Board held that it would not exercise its authority to withdraw the order in order to consider the supplemental statement of services. However, it appears that its decision not to withdraw the order was based, at least in part, on its conclusion that it lacked jurisdiction because a petition for judicial review had been filed.[2]

Affirmed on petition; reversed and remanded for reconsideration on cross-petition.

---

[2] The Board's order seems to say that, although the Board did not have jurisdiction to consider the request for attorney fees, it did have jurisdiction to withdraw the order. The Board retained jurisdiction to do both.