Argued and submitted May 8, affirmed December 30, 1992

In the Matter of the Compensation of
Rinaldo F. Sinclair, Claimant.

Rinaldo F. SINCLAIR,
*Petitioner,*

*v.*

CHAMPION INTERNATIONAL CORP.,
*Respondent.*

(86-09427; CA A70778)

844 P2d 933

Karen M. Werner, Eugene, argued the cause for petitioner. With her on the brief were Richard T. Kropp and Emmons, Kropp, Kryger, Alexander & Egan, P.C., Albany.

Brian L. Pocock, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

**DURHAM, J.**

Claimant seeks review of a Workers' Compensation Board order that held that he is not entitled to permanent total disability (PTD) benefits. We review for substantial evidence and errors of law,.ORS 656.298(6); ORS 183.482(7), (8), and affirm.

Claimant compensably injured his back on March 12, 1981, while driving employer's jitney. He also suffered psychological problems due to the injury. In 1984, after failing to complete vocational rehabilitation, he was awarded 50 percent unscheduled permanent partial disability (PPD). In 1987, he filed an aggravation claim, which employer denied. On January 24, 1990, the Board awarded claimant PTD, effective March 28, 1986. On review, we reversed and remanded because, although substantial evidence supported the Board's finding that it would be futile for claimant to seek work, the Board failed to determine whether he was willing to work. *Champion International v. Sinclair*, 106 Or App 423, 807 P2d 345 (1991). On remand, the Board found that claimant had not established his willingness to work and, therefore, was not entitled to receive PTD benefits. Claimant assigns error to that determination.

ORS 656.206(3) provides:

"The worker has the burden of proving permanent total disability status and must establish that the worker is willing to seek regular gainful employment and that the worker has made reasonable efforts to obtain such employment."

In *SAIF v. Stephen*, 308 Or 41, 48, 774 P2d 1103 (1989), the Supreme Court held that, to award PTD, the Board must find that, "but for the compensable injury, the claimant would have returned to work."

■ The Board found that claimant lacked motivation to return to work and exhibited negativity during vocational rehabilitation attempts. The vocational counselor who worked with him in 1982 and 1983 observed his hostility toward his former employer, his distrust of doctors and his conviction that returning to work was not an option for him. His treating physician felt that he did not "seem very motivated" toward rehabilitation. Those observations occurred before the worsening of claimant's psychological condition.

The Board found that there was no evidence regarding his willingness to work more recent than the vocational and medical reports noted above.

Claimant argues that the Board also found that his worsened psychological condition was a compensable part of his claim and that it was partially responsible for his resistance to rehabilitation efforts and his exaggerated physical complaints. He argues that those findings are inconsistent with the Board's ultimate conclusion. He also contends that minimal efforts to seek work are sufficient, if any greater effort would have been futile. *See SAIF v. Simpson*, 88 Or App 638, 641, 746 P2d 257 (1987), *rev den* 305 Or 273 (1988).

■ The Board is responsible for deciding whether claimant is willing to work but for his compensable condition. Claimant had the burden to prove that he had sought work or that he would have been willing to work but for the compensable injury, and he is not relieved of that burden when seeking work would be futile. *SAIF v. Stephen, supra*, 308 Or at 48. The Board determined that, even though it would have been futile for claimant to seek work, he failed to prove that he was willing to work. His evidence that his psychological condition was part of the cause of his resistance to rehabilitation, does not prove that he was willing to work but for the condition.

We consider the Board's findings in the light of claimant's burden of proof and conclude that the findings are not inconsistent. The record contains no evidence that, but for his worsened psychological condition, he would have been willing to work. The Board's finding is supported by substantial evidence. *See SAIF v. Stephen, supra.*

Affirmed.