Argued and submitted March 17, reversed and remanded in part for reconsideration; otherwise affirmed July 28, 1993

In the Matter of the Compensation of
Pete Topolic, Claimant.

Pete TOPOLIC,
*Petitioner,*

*v.*

SAIF CORPORATION
and Productive Painting,
*Respondents.*

(WCB 90-14609; CA A76488)

857 P2d 152

Thomas C. Howser, Ashland, argued the cause for petitioner. On the brief were Judith H. Uherbelau and Howser & Munsell, P.C., Ashland.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Claimant seeks review of a Workers' Compensation Board (Board) order holding that he did not have an unscheduled disability and was not entitled to permanent total disability. We affirm in part and reverse in part.

Claimant was born in Yugoslavia in 1941 and speaks with a heavy accent. His education is limited to four years of elementary school and four years of trade school in Yugoslavia. He sustained a compensable injury in October, 1988, in a fall from a scaffold. In November, 1988, Dr. Gilsdorf, his treating physician, found that claimant could only perform sedentary to light work because of permanent instability in his hip. Claimant was also examined by Dr. Saviers of Rehabilitation Medical Consultants in March, 1991.

Evidence was offered by both parties on whether claimant had a permanent total disability (PTD) due to a combination of physical, social and vocational factors, under the "odd-lot" doctrine. There is strong disagreement among the experts on claimant's vocational skills. All seven experts found that claimant tested below average in manual dexterity, fine motor coordination, and ability to follow directions. His reading and math skills ranged from 1.7 grade level to 3.4 grade level. Several experts concluded that claimant was not competitively employable. In contrast, two experts, Hagle and Stripe, who testified for SAIF, concluded that he was competitively employable. Hagle, a vocational counselor, found claimant's test results were not consistent with his work history, that claimant was strongly motivated and was not a candidate for PTD. Stripe, a vocational consultant, found that claimant could be employed in a broad array of light and sedentary occupations which require little, if any, reading.

On January 23, 1990, a determination order issued awarding claimant temporary total disability and a total scheduled award of 18 degrees for 12 percent loss of the use of his left leg. Claimant requested a hearing. The referee determined that claimant did not have an unscheduled disability and was not entitled to PTD, but increased claimant's total scheduled award. The opinion was amended twice to finally

award claimant scheduled permanent partial disability of 45 degrees. Claimant appealed the referee's order. The Board affirmed the referee's findings and order. Claimant seeks review of the Board's order.

■    We review the Board's findings for substantial evidence and errors of law. ORS 183.482(8)(a), (c). Substantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make the finding. *Garcia v. Boise Cascade Corp.*, 309 Or 292, 294, 787 P2d 884 (1990); ORS 183.482(8)(c).

■■    Claimant first assigns error to the Board's finding that he did not have an unscheduled disability. Any disability not listed in ORS 656.214(2) to (4) is considered unscheduled. ORS 656.214(1)(b).[1] Based on his review of a Board opinion which discusses scheduled and unscheduled hip injuries, Gilsdorf found claimant's injuries to be both scheduled and unscheduled. The Board did not rely on Gilsdorf's analysis because of its concern that he had given a legal opinion.

> "In cases where evidence is rejected or disregarded by the [Board], and such action purports to be based on facts, it is appropriate for the reviewing court to examine whether the [Board's] decision to disregard or discount evidence in the record is supported by substantial evidence." *Garcia v. Boise Cascade Corp., supra*, 309 Or at 296.

Here, the Board, in support of its decision to disregard Gilsdorf's opinion, indicated that it was hesitant to defer to Gilsdorf when he may not have fully understood the legal meaning of a prior Board order. It also distinguished its prior decision from the present case. Based on past Board decisions and claimant's medical records, the Board found that his injury was to the "leg," which is a scheduled body part. It rendered a reasoned opinion on the basis of explicit findings of fact. Based on the whole record, a reasonable person could

---

[1] ORS 656.214 provides, in pertinent part:

"(1)(b) 'Permanent partial disability' means the loss of either one arm, one hand, one leg, one foot * * * or any other injury known in surgery to be permanent partial disability.

"When permanent partial disability results from an injury, the criteria for the rating of disability shall be the permanent loss of use or function of the injured member due the industrial injury."

find that the claimant does not have an unscheduled injury. *Garcia v. Boise Cascade Corp., supra,* 309 Or at 294.

■      Claimant next assigns error to the Board's finding that he is not PTD. ORS 656.206(1)(a) provides:

" 'Permanent total disability' means the loss, including preexisting disability, of use or function of any scheduled or unscheduled portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation. As used in this section, a suitable occupation is one which the worker has the ability and the training or experience to perform, or an occupation which the worker is able to perform after rehabilitation."

PTD may be established through evidence of physical incapacity alone, or by showing that physical incapacity, combined with a number of social and vocational factors, effectively prohibits gainful employment under the "odd-lot" doctrine. *Welch v. Banister Pipeline,* 70 Or App 699, 701, 690 P2d 1080 (1984), *rev den* 298 Or 470 (1985).

■      Claimant argues that, based on a combination of his physical condition, age, and limited reading, math, dexterity and mental skills, he falls within the "odd-lot" doctrine. Claimant underwent seven vocational evaluations which resulted in conclusions as varied as claimant would not be able to find suitable work to claimant was definitely not PTD. The Board found the reports by employer's witnesses, Hagle and Stripe, who concluded that claimant was employable, to be the most credible. The Board placed the most weight on Hagle's opinion:[2]

"Hagle found that claimant's test results were not consistent with his work history and other accomplishments. Hagle further reported that claimant's 'ability to communicate, fueled by the moxie, drive and intelligence native to [claimant], make him one of the least likely PTD candidates'.

"* * * * *

---

[2] Claimant asserts that Hagle's deposition was never entered into evidence and thus, the referee did not have substantial evidence to uphold his opinion and order. There is no listing of Hagle's deposition in the evidence lists and no formal entry of her deposition in the record. Nonetheless, the Board concluded that since the referee referred to the deposition in his order and certified that it was part of the record under ORS 656.295(3), it was properly included in the record. We conclude that the Board properly reviewed the referee's opinion.

"By the time [Hagle] was deposed, she had met with claimant six times. Thus, she had more contact with claimant tha[n] did McLean[3] and Stripe. * * * We agree with the Referee that Hagle's opinion is entitled to the greatest weight. Based on that evidence, along with the supporting opinion of Stripe, we conclude that the claimant is not permanently totally disabled."

If an agency's finding is reasonable, keeping in mind the evidence against the finding as well as the evidence supporting it, there is substantial evidence to support the finding. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988).

■　　　Claimant last assigns error to the Board's refusal to further increase his scheduled permanent disability award. The Board stated that "we agree with the Referee that, because claimant's atrophy is not located in the foot or thigh, he is not entitled to an award for that condition under the standards. *See former* OAR 436-35-230(5)." Saviers' March 18, 1991, report states that claimant has "visible atrophy of the left extensor digitorum brevis," a muscle of the foot.[4] The Board's decision on claimant's permanent disability award was based on a misinterpretation of the evidence, and is not supported by substantial evidence. We remand for reconsideration of the scheduled permanent disability award.

Scheduled permanent disability award reversed and remanded for reconsideration; otherwise affirmed.

---

[3] Bruce McLean is a vocational consultant who evaluated claimant and testified on his behalf.

[4] *Stedman's Medical Dictionary*, 2nd Lawyer's Ed, Plate 7 (1966).