Argued and submitted July 9, affirmed October 7, 1998

## In the Matter of the Compensation of
## Basilio A. Sandoval, Claimant.

### Basilio A. SANDOVAL,
### *Petitioner,*

*v.*

### JAMES KJELDE DAIRY
### and Country Companies,
### *Respondents.*

### (WCB 97-00224; CA A99933)

965 P2d 464

Dale C. Johnson argued the cause for petitioner. With him on the brief was Malagon, Moore & Jensen.

Chess Trethewy argued the cause for respondents. With him on the brief was Garrett, Hemann, Robertson, Paulus, Jennings & Comstock, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Claimant seeks review of an order of the Workers' Compensation Board in which he receives no award for unscheduled permanent partial disability (PPD) for his lumbar strain. ORS 656.298. Claimant contends that the order of the Board is not adequate for judicial review and that, even if it is adequate for review, there is not substantial evidence to support the Board's findings. We affirm.

We state the facts as the Board adopted them from the administrative law judge's (ALJ's) opinion. Claimant is a herdsman and milker who had been employed at employer's dairy. After suffering a compensable injury, he consulted several physicians for treatment and underwent various tests. In September 1995, his employer accepted a claim for lumbar strain, and a medical report contained measurements that indicated that claimant had limited range of motion in his lower back. In May 1996, claimant was diagnosed with either a pain or somatization disorder. Thereafter, claimant was determined to be "medically stationary concerning his physical injury and capable of performing light work" and a determination order issued, awarding him 17 percent unscheduled PPD. That order was subsequently amended to reduce the percentage of unscheduled PPD to zero based on a finding that claimant's condition was not chronic.

Dissatisfied with the amended determination order, claimant sought reconsideration by the Department of Consumer and Business Services (DCBS). In October 1996, medical arbiters for DCBS examined claimant and reviewed his claim. The arbiters measured claimant's active range of motion in his lumbar spine. The examination included measurements for lumbar flexion, lumbar extension, lumbar right lateral flexion and lumbar left lateral flexion. The measurements indicated that claimant had a reduced range of motion in his lower back. The examiners also performed a straight-leg-raising test and responded to specific questions, including the following:

> Question: *"4. If findings are due to the injury **AND** due to other unrelated causes, describe, based upon your medical judgement, the **percentage of***

*impairment due to the accepted condition(s). Include rationale for your decision."*

Response: "Upon our examination, he has no objective loss due to the injury.

"* * * * *"

Question: *"6. If any findings are considered invalid, provide rationale and detailed reasoning in accordance with Bulletin 239 and the AMA Guides; include anatomic findings if applicable."*

Response: "The findings are considered valid, with the exception of the straight leg raising validity check."

Question: *"7. Please describe the worker's residual functional capacity with reference to the accepted condition(s) and / or sequelae in accordance with the following:*

"* * * * *

*"(e) State whether the worker has permanent restrictions in working the same number of hours that were worked prior to the injury."*

Response: "There is no objective evidence of injury requiring permanent restrictions in working the same number of hours that were worked prior to the injury.

"Of note, it seems there is a psychological component to this injury, as has been found previously, however, we can find no objective orthopedic or neurologic injury based on the examination today, in the records that are available." (Boldface and italics in original.)

On reconsideration by DCBS that included the arbiters' report, the amended determination order was affirmed, and claimant appealed. On appeal, the ALJ awarded claimant 28 percent unscheduled PPD. Employer sought review, and the Board reversed the ALJ's order, affirming DCBS's order on reconsideration that had awarded claimant no PPD. Claimant seeks review by this court of the Board's order.

Claimant argues that he is permanently impaired due to the injury and that, based on the arbiters' report, the

Board could not find otherwise. He asserts that the Board failed to find a psychological component of the injury; incorrectly assumed that a psychological component was still present; assumed that it was unrelated to the injury; and failed expressly to attribute the impairment findings to causes other than the injury. In addition, he argues that the Board misconstrued the arbiters' response to Question 6. Thus, according to claimant, the Board's order is inadequate for judicial review because it failed to reconcile its finding that claimant had not established impairment due to the injury with the evidence in the record.

 An order is adequate for judicial review if it contains findings of fact and reasoning and conclusions of law based on the findings. *Campos v. Hood River Care Center*, 104 Or App 261, 264, 799 P2d 1152 (1990). Substantial evidence exists to support a factual finding "when the record, viewed as a whole, permits a reasonable person to make the finding." *Topolic v. SAIF*, 122 Or App 94, 97, 857 P2d 152 (1993).

 In its order, the Board referred to a May 1996 report in which claimant was diagnosed with a pain syndrome. According to the psychiatrist's report, the syndrome was caused by claimant's "psychological makeup, his cultural expectations, and his general medical condition, [and] the general medical condition being caused by the wear and tear on his musculoskeletal system from the kind of work that he did." At the same time, a physical examination indicated that claimant demonstrated considerable symptom magnification. The Board considered this evidence in conjunction with the arbiters' report. The Board could reasonably have understood reference in the arbiters' report to a psychological component to refer to the psychiatrist's diagnosis of pain syndrome. Also, the Board could have reasonably construed the arbiters' statements to mean that the psychological component existed at the time of their examination and that they attributed any impairment to the psychological component since they found "no objective orthopedic or neurologic injury based on the examination today, in the records that are available." Although the arbiters did not expressly attribute any impairment to the "psychological component," the Board could also have reasonably interpreted their statements in

the context of the evidence in the record to have that meaning.

The arbiters' report also stated that "[t]he findings are considered valid, with the exception of the straight leg raising validity check." The meaning of this statement is ambiguous because the arbiters did not describe the effect of an invalid straight leg raising test on their other range of motion findings. Nevertheless, the Board undertook to interpret its meaning in the context of the other evidence before it when it stated that "[t]he medical arbiter panel commented in their report that the straight leg raising check related to claimant's range of motion findings indicated invalidity of the findings." In its conclusion, the Board ruled:

> "The medical arbiter panel noted that there was a psychological component to claimant's injury and that there was no objective orthopedic or neurologic injury by examination or their record review. * * * They reported that the straight leg raising check yielded invalid findings. * * * They also stated that claimant had no objective loss due to the injury. * * * Under these circumstances, we conclude that the medical arbiter's findings of reduced range of motion in the low back is not persuasive evidence of impairment due to the injury. Because claimant has not established impairment due to the injury, no award of unscheduled permanent disability shall be allowed."

We hold that the Board could have reasonably interpreted the arbiters' report as a whole to mean that the range of motion findings were invalid in light of the invalidity of the straight-leg-raising test, the reference in the report to a psychological component and their statement that there was no objective loss due to the injury. In that light, the Board's order is adequate for judicial review because it contains factual findings from which its conclusions reasonably follow. In the same respect, the Board's findings are supported by substantial evidence. In sum, the Board was not persuaded by the evidence that claimant's low back impairment was the result of his lumbar strain. Accordingly it did not err when it refused to award PPD.

Affirmed.